FILED BY _____ D.C.

**Sep 17, 2019**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

AO 241
(Rev. 01/15)

NG
Received
SEP 1 3 2019
Homestead
Correctional Institution

Page 2

S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Southern |
|---|---|

| Name (under which you were convicted): Natika Griffin | Docket or Case No.: 40CA 19-0111 |
|---|---|

| Place of Confinement : Homestead Correctional Inst. 19000 S.W. 3rd St. SK. 200 Florida C.y, FL 33034 | Prisoner No.: L26534 |
|---|---|

| Petitioner (include the name under which you were convicted) Natika Griffin | Respondent (authorized person having custody of petitioner) v. State of Florida |
|---|---|

| The Attorney General of the State of: Florida |
|---|

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   Broward Co. Florida
   201 Southeast 6th St. Rm 136
   Ft. Lauderdale, FL 33301

   (b) Criminal docket or case number (if you know): 12-6221 CF10A

2. (a) Date of the judgment of conviction (if you know): 9/10/14

   (b) Date of sentencing: 12/17/14

3. Length of sentence: 20 years

4. In this case, were you convicted on more than one count or of more than one crime? ☒ Yes ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:

   Aggravated Battery w/ deadly weapon
   Grand Theft 3°
   Driving while license revoked

6. (a) What was your plea? (Check one)

   ☒ (1) Not guilty      ☐ (3) Nolo contendere (no contest)

   ☐ (2) Guilty          ☐ (4) Insanity plea

AO 241
(Rev. 01/15)

Page 3

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

_Not guilty to All_

(c) If you went to trial, what kind of trial did you have? (Check one)

☒ Jury    ☐ Judge only

7.   Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☒ Yes    ☒ No    _NG_

8.   Did you appeal from the judgment of conviction?

☒ Yes    ☐ No

9.   If you did appeal, answer the following:

(a) Name of court: _4th DCA Florida_

(b) Docket or case number (if you know): _4D15-7_

(c) Result: _Per Curiam_

(d) Date of result (if you know): _7/29/16._

(e) Citation to the case (if you know): _Griffin V. State 212 So. 3d 371_

(f) Grounds raised: _Trial Court fundamentally erred by improperly Considering Appellant's failure to express remorse as an Aggravating factor in the Court's sentencing decision_

(g) Did you seek further review by a higher state court?    ☐ Yes    ☒ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

AO 241
(Rev. 01/15)

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   ☒ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10.   Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?   ☐ Yes   ☐ No

11.   If your answer to Question 10 was "Yes," give the following information:

(a)      (1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes    ☐ No

    (7) Result:

    (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

AO 241
(Rev. 01/15)

Page 6

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    ☐ Yes    ☐ No

(2) Second petition:    ☐ Yes    ☐ No

(3) Third petition:    ☐ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**    Trial Counsel ineffective for failure to object to Appellant Appearing at trial by jury in identifiable Jail attire.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The Appellant's 6th and 14th Amendment rights were violated when her Attorney did not object to appellant being forced to appear at trial in identifiable prison clothes. Family members were readily available to bring the Appellant civilian clothing.

_____

_____

(b) If you did not exhaust your state remedies on Ground One, explain why:

_____

_____

_____

_____

_____

AO 241
(Rev. 01/15)

(c)      **Direct Appeal of Ground One:**

      (1) If you appealed from the judgment of conviction, did you raise this issue?    ❏ Yes    ❏ No

      (2) If you did not raise this issue in your direct appeal, explain why:

 

 

(d) **Post-Conviction Proceedings:**

      (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

         ☒ Yes    ❏ No

      (2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: 3.850 Post Conviction

Name and location of the court where the motion or petition was filed: Broward County, Florida
17th Cir; 201 S. E. 6th St, Rm 136, Ft. Lauderdale, FL 33301

Docket or case number (if you know): 12-6221 CF10A

Date of the court's decision: Dec 18, 2018

Result (attach a copy of the court's opinion or order, if available):

 

 

      (3) Did you receive a hearing on your motion or petition?    ❏ Yes    ☒ No

      (4) Did you appeal from the denial of your motion or petition?    ☒ Yes    ❏ No

      (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☒ Yes    ❏ No

      (6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: 4th DCA Florida, 110 South
Tamarind Ave, West Palm Beach, FL 33401

Docket or case number (if you know): 4DCA-19-0111

Date of the court's decision: August 15, 2019

Result (attach a copy of the court's opinion or order, if available):

 

 

      (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

 

 

 

 

**(e) Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have
used to exhaust your state remedies on Ground One: Rehearing

**GROUND TWO:** Counsel ineffective for failure to investigate & present
mitigating evidence by failing to obtain a mental health evaluation

**(a) Supporting facts** (Do not argue or cite law. Just state the specific facts that support your claim.):

Appellant was suffering a serious mental health illness which she
had been treated for from childhood to adulthood. Appellant most
likely would have been diagnosed insane at the time of her
crime

**(b)** If you did not exhaust your state remedies on Ground Two, explain why:

**(c)**    **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

**(d)**    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: 3.850 Post Conviction

Name and location of the court where the motion or petition was filed: 17th Circuit Broward Co
FL, 201 8 E 6th St, Rm B6, Ft Lauderdale, FL 33301

Docket or case number (if you know): 12-6221 CF 10A

Date of the court's decision: Dec 12, 2018

AO 241
(Rev. 01/15)

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?          ☐ Yes   ☒ No

(4) Did you appeal from the denial of your motion or petition?     ☒ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☒ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: 4th DCA Florida, 110 South Tamarind Ave, West Palm Beach, FL 33401

Docket or case number (if you know): 4D19-111

Date of the court's decision: 8/15/19

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two : Rehearing Motion

**GROUND THREE:** Counsel ineffective for failure to Adopt Pro Se motion for downward departure.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Appellant submitted A motion for downward departure which was reasonable. Had the motion been submitted there is A reasonable probability it would have been granted

(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: 3 850 Post Conviction

Name and location of the court where the motion or petition was filed: 17th Circuit Broward Co FL.
201 SE 6th St, Rm 136, Ft. Lauderdale, FL 33301.

Docket or case number (if you know): 12-6221 CF10A

Date of the court's decision: 12/18/12

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☒ No

(4) Did you appeal from the denial of your motion or petition?   ☒ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☒ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: 4th DCA, Florida

Docket or case number (if you know): 4D19-111

Date of the court's decision: 2/15/15

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
have used to exhaust your state remedies on Ground Three: _Rehearing_

_____

**GROUND FOUR:**

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____     N/A

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why:

_____

_____

_____

_____

(c)     **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐  Yes          ☐  No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐  Yes        ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

AO 241
(Rev. 01/15)

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?          ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?          ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

13.     Please answer these additional questions about the petition you are filing:

(a)     Have all grounds for relief that you have raised in this petition been presented to the highest state court

having jurisdiction?        ☒ Yes        ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

presenting them: _____

_____

_____

_____

(b)     Is there any ground in this petition that has not been presented in some state or federal court?  If so, which

ground or grounds have not been presented, and state your reasons for not presenting them:

_____

_____

_____

14.     Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

that you challenge in this petition?        ☐ Yes        ☒ No

If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

of any court opinion or order, if available.

_____

_____

_____

_____

_____

_____

15.     Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

the judgment you are challenging?        ☐ Yes        ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

raised.    _____

_____

_____

_____

_____

_____

AO 241
(Rev. 01/15)

16.     Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _____

_____

(b) At arraignment and plea: _____

(c) At trial: _____

(d) At sentencing: _____

(e) On appeal: _____

(f) In any post-conviction proceeding: _____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

_____

17.     Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?        ☐ Yes   ☐ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?        ☐ Yes   ☐ No

18.     TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

    (1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: _____

_____

_____

or any other relief to which petitioner may be entitled.


_____ *& Natika Sippin* _____
Signature of Attorney (if any)


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on ____9/13/19____ (month, date, year).


Executed (signed) on ____9/13/19____ (date).

USDCA Clerk of Court
299 E Broward Blvd.
Rm 108
Ft. Lauderdale, FL 33301

Attorney Generals Office
The Capitol PL-01
Tallahassee, FL 32399-1050

State Attorney Broward County
201 Southeast 6th St, Room 665
Ft. Lauderdale, FL 33301

_X Natika Sippin_ _____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

_____

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

STATE OF FLORIDA,   :     Case No. 12-6221CF10A
          :
  Plaintiff,    :     Judge: Dennis Bailey
          :
v.          :
          :
NATIKA GRIFFIN,    :
          :
  Defendant.   :
_____:

**ORDER DENYING DEFENDANT'S *PRO SE*
MOTION FOR POST-CONVICTION RELIEF
AND DEFENDANT'S *PRO SE* AMENDED
[SUPPLEMENTAL] MOTION FOR POST-CONVICTION RELIEF**

**THIS CAUSE** came before the Court upon the Defendant's timely filed *pro se* Motion for Post-Conviction Relief, pursuant to Rule 3.850, Florida Rules of Criminal Procedure, filed on July 25, 2017, and Defendant's timely filed *pro se* Amended [Supplemental] Motion for Post-Conviction Relief, pursuant to Rule 3.850, Florida Rules of Criminal Procedure, filed on May 25, 2018. Pursuant to Court Order, the State filed a response to Defendant's original and supplemental motions on November 5, 2018, and the State filed a supplemental response to Defendant's original and supplemental motions on December 7, 2018. The Court, having examined the original motion, the amended/supplemental motion, the State's original response, the State's supplemental response, the court file, and applicable law, finds and decides as follows:

On September 10, 2014, Defendant was convicted by jury of the following offenses:

- Count 1—Aggravated Battery with a Deadly Weapon
- Count 2—Third-Degree Grand Theft
- Count 3—Driving While License is Revoked

Page 1 of 3

Although represented by counsel, on October 8, 2014, Defendant filed a *pro se* motion for downward departure. On December 17, 2014, she was sentenced as follows:

- <u>Count 1</u>—As a habitual felony offender to twenty years plus one day in prison, with a fifteen-year, minimum-mandatory term, and with credit for 527 days of time served.
- <u>Count 2</u>—Five years in prison, with credit for 527 days of time served, to run concurrent with count 1.
- <u>Count 3</u>— Five years in prison, with credit for 527 days of time served, to run concurrent with counts 1 and 2.

Defendant appealed her convictions and sentences, which were affirmed *per curiam* by the Fourth District Court of Appeal. *Griffin v. State*, 212 So. 3d 371 (Fla. 4th DCA 2016). The Mandate entered on July 29, 2016.

In the instant motion, Defendant raises the following claims of ineffective assistance of counsel:

<u>Claim 1</u>

Defendant alleges that her trial counsel was ineffective for failing to object to her appearing at her jury trial in jail attire.

<u>Claim 2</u>

Defendant alleges that her trial counsel was ineffective for failing "to investigate and present mitigating evidence" to the Court, i.e., failing to obtain a mental health evaluation that would show a lack of "specific intent."

<u>Claim 3</u>

Defendant alleges that her trial counsel was ineffective for failing to adopt her *pro se* motion for downward departure.

The Court adopts and incorporates herein the legal and factual reasoning that is contained—and thoroughly detailed—in the State's original and supplemental responses[1] and denies the instant motion. As more fully set forth in the State's original and supplemental responses, the claims fail for the following reasons: claim 1 is conclusively refuted

---

[1] The State has certified that it sent a copy of its 93-page original response to the Defendant via U.S. mail on November 5, 2018, and sent a copy of its 51-page supplemental response to the Defendant via U.S. mail on December 7, 2018; as such, *additional* copies of the responses are not attached hereto.

by the record; and claims 2 and 3 fail to demonstrate prejudice, and are therefore without merit. Consequently, the Court finds that none of the claims—all of which allege ineffective assistance of counsel—demonstrates both deficiency of counsel and prejudice to Defendant as required by the two-pronged test that is set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that Defendant's *pro se* Motion for Post-Conviction Relief and Defendant's *pro se* Amended [Supplemental] Motion for Post-Conviction Relief are hereby **DENIED**.

The Defendant has thirty (30) days from the date of this order to file an appeal.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Broward County, Florida, this _____ day of December, 2018.



_____
DENNIS BAILEY
CIRCUIT COURT JUDGE

Copies furnished to:

Nicole Bloom, Esq.
Assistant State Attorney

Natika Griffin, Defendant, DC #L26534
Homestead Correctional Institution
19000 SW 377 Street
Florida City, FL 33034-64009

DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**NATIKA GRIFFIN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-111

[August 15, 2019]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Dennis D. Bailey, Judge; L.T. Case No. 12-6221CF10A.

Natika Griffin, Florida City, pro se.

No appearance required for appellee.

PER CURIAM.

*Affirmed.*

CIKLIN, GERBER and FORST, JJ., concur.

\*          \*          \*

**_Not final until disposition of timely filed motion for rehearing._**

NAtika Griffin L26534
HomeStead Correctional Institution
19000 SW 377th Street
Florida City 33034

Legal Mail
Received NG
SEP 13 2019
Homestead
Correctional Institution

USDCA Clerk of Court
299 E Broward Blvd
Rm 108
Ft. Lauderdale, FL 33301



PURPLE HEART