UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-62301-CV-CANNON
MAGISTRATE JUDGE REID

NATIKA GRIFFIN,

      Petitioner,

v.

STATE OF FLORIDA,

      Respondent.

_____/

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

### I. Introduction

This matter is before the Court on Petitioner's *pro se* Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. [ECF No. 1]. This cause has been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Fla. Admin. Order 2019-2. [ECF No. 2].

Petitioner, **Natika Griffin**, is a state prisoner currently incarcerated at Homestead Correctional Institution and serving a twenty-year term of imprisonment following a jury trial and conviction in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, in **Case No. 12-006221CF10A**. [ECF No. 1]. In her timely filed Petition, Petitioner seeks to challenge the constitutionality of her conviction and sentence and raises three claims of ineffective assistance of counsel during her state court criminal case. [*Id.*].

After the Undersigned issued an Order to Show Cause [ECF No. 5], Respondent filed a Response in opposition to the Petition, arguing that Petitioner failed to meet her burden of proof and that her claims should be denied on the merits. [ECF No. 9]. Petitioner was instructed that she

may file a reply in support of her Petition, however she has not done so and the time for doing so has long since expired. [ECF No. 5 at 6].

Accordingly, this cause is now ripe for review. Upon such a review of this case, and Petitioner's underlying state court criminal case, the Undersigned **RECOMMENDS** that the Petition for Writ of Habeas Corpus [ECF No. 1] be **DENIED** on the merits, that no Certificate of Appealability be issued, and that this case be **CLOSED** by the Clerk of Court, as discussed below.

## II. Discussion

A.   Standard of Review

This Court may entertain a petition for a writ of habeas corpus from a "person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Further, a federal habeas petition may not be granted unless "the applicant has exhausted the remedies available" in state court prior to filing the federal habeas petition. 28 U.S.C. § 2254(b).

Even then, "the availability of federal habeas relief is limited with respect to claims previously 'adjudicated on the merits' in state-court proceedings." *Harrington v. Richter*, 562 U.S. 86, 91 (2011). "By its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (2)." *Id*. at 98. As for the state court's factual findings, they "shall be presumed to be correct" and a petitioner seeking to rebut this presumption must do so "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Prevatte v. French*, 547 F.3d 1300, 1302 (11th Cir. 2008).

Under § 2254(d), the Court may grant habeas relief from the state court judgment only if the state court's decision on the merits of the federal claim was: (1) "contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court

2

of the United States;" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented" in the state court proceeding. 28 U.S.C. § 2254(d). The habeas petitioner bears the burden to prove this and show entitlement to relief. *See Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (quoting *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002) (*per curiam*)).

"Deciding whether a state court's decision involved an unreasonable application of federal law . . . requires the federal habeas court to train its attention on the particular reasons — both legal and factual — why state courts rejected a state prisoner's federal claims, and to give appropriate deference to that decision." *Wilson v. Sellers*, 584 U.S. ___, ___, 138 S. Ct. 1188, 1191-92 (2018) (quotation marks and citations omitted). Put another way, this required standard is "highly deferential" and "demands that state-court decisions be given the benefit of the doubt." *Cullen*, 563 U.S. at 181 (quoting *Woodford*, 537 U.S. at 24).

"A decision is 'contrary to' clearly established federal law if the state court applied a rule that contradicts governing Supreme Court precedent, or if it reached a different conclusion than the Supreme Court did in a case involving materially indistinguishable facts." *James v. Warden*, 957 F.3d 1184, 1190 (11th Cir. 2020) (citing *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000)). "A state court decision involves an 'unreasonable application' of clearly established federal law if the court identifies the correct legal principle but applies it unreasonably to the facts before it." *Id*. (citing *Williams*, *supra*).

"The question under [§ 2254(d)] is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Id*. at 1190-91 (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). "A state court's application of clearly established federal law or its determination of the facts is unreasonable only if no 'fairminded jurist' could agree with the state court's determination or

3

conclusion." *Id*. at 1191 (quoting *McNabb v. Comm'r Alabama Dep't of Corr.*, 727 F.3d 1334, 1339 (11th Cir. 2013) (internal citations omitted).

B.     Analysis of Petitioner's Claims

In the Petition, Petitioner raises three claims, all alleging that she received ineffective assistance of counsel in her state court criminal case. More specifically, Petitioner claims that she received ineffective assistance of counsel when:

1) trial counsel allegedly failed to object to Petitioner appearing before the jury in identifiable jail attire [ECF No. 1 at 5];

2) trial counsel allegedly failed to investigate and present mitigating evidence when it failed to obtain a mental health evaluation for Petitioner [*Id*. at 7]; and

3) trial counsel allegedly failed to adopt Petitioner's *pro se* motion for downward departure. [*Id*. at 8].

To briefly summarize, to prevail on such an ineffective assistance of counsel claim, a habeas petitioner must demonstrate both[1] (1) that counsel's performance was deficient; and (2) a reasonable probability that the deficient performance prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). In order to satisfy the prejudice requirement, the petitioner must show a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *See id.* at 694.

**Claim 1**

Petitioner's first claim, liberally construed, is that she received ineffective assistance of counsel when her trial counsel allegedly failed to object to Petitioner appearing in front of the jury in identifiable jail attire. [ECF No. 1 at 5]. When Petitioner raised this claim in state court, the

---

[1] If a petitioner cannot meet one of *Strickland's* prongs, a court need not address the other prong, which is exactly what happened in Petitioner's underlying state court case. *See, e.g., Dingle v. Sec'y, Fla. Dep't of Corr.*, 480 F.3d 1092, 1100 (11th Cir. 2007) (citing *Strickland*, 466 U.S. at 697).

claim was denied because the court found that it was "conclusively refuted by the record" and, in denying the claim, adopted the legal and factual reasoning that was contained in the State's responses to Petitioner's motion. [ECF No. 10-1 at 214-17].

Here, even liberally construed, Petitioner does not explain how the state court's decisions denying her first ineffective assistance of counsel claim was contrary to clearly established federal law or an unreasonable determination of the facts. Further, Petitioner does nothing to rebut the presumption of correctness of the state court's factual findings. On this basis alone, her claim should be denied.

This deficiency is fatal to Petitioner's claim because, under § 2254(d) the standard "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *James*, 957 F.3d at 1190-91 (quoting *Schriro*, 550 U.S. at 474). Further, if Petitioner seeks to challenge the state court's finding that her claim was "conclusively refuted by the record," she must rebut the presumption of correctness of those findings by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). Petitioner does nothing to meet the substantially higher threshold required by § 2254(d), nor does she come close to providing clear and convincing evidence to rebut the presumption of correctness given to the state court's factual determinations. Accordingly, this claim should be denied.

Finally, even considering the merits *de novo*, Petitioner's claim should be denied because to prevail on a claim of ineffective assistance of counsel, a habeas petitioner must demonstrate both (1) that counsel's performance was deficient; and (2) a reasonable probability that the deficient performance prejudiced the defense. *See Strickland*, 466 U.S. at 686-87. Here, Petitioner can do neither.

In order to satisfy the prejudice requirement, the petitioner must show a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *See id.* at 694. The Petition does not discuss either of the required *Strickland* prongs, and all of Petitioner's allegations are at best bare and conclusory, which is insufficient to satisfy *Strickland*. *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333-34 (11th Cir. 2012).

**Claim 2**

Petitioner's second claim, liberally construed, is that she received ineffective assistance of counsel because trial counsel allegedly failed to investigate and present mitigating evidence when it failed to obtain a mental health evaluation of Petitioner. [ECF No. 1 at 7]. When Petitioner raised this claim in state court, the claim was denied because the court determined that Petitioner "fail[ed] to demonstrate prejudice" as required by *Strickland*, and, in denying the claim, adopted the legal and factual reasoning that was contained in the State's responses to Petitioner's motion. [ECF No. 10-1 at 214-17].

As stated above, this Court may grant relief from the state court judgment only if the state court's denial of this ineffective assistance of counsel claim was either: (1) "contrary to, or involved an unreasonable application of, clearly established federal law," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d).

Here, just like her first claim, even liberally construed, Petitioner provides no evidence to support a finding that the state court's decisions denying her claim was contrary to clearly established federal law or an unreasonable determination of the facts. Also, similarly to her first claim, this deficiency is fatal to Petitioner's claim because, under § 2254(d) the standard "is not whether a federal court believes the state court's determination was incorrect but whether that

6

determination was unreasonable—a substantially higher threshold." *James*, 957 F.3d at 1190-91 (quoting *Schriro*, 550 U.S. at 474). On this basis alone the claim should be denied.

However, even considering the merits of the claim *de novo*, the claim should still be denied because it would be impossible for her to demonstrate prejudice. Petitioner's theory of the case, which was argued by counsel to the jury, was that Petitioner was not involved in the robbery, and that she had nothing to do with it. [ECF No. 11-1 at 133-34, 229-33]. Under such circumstances, whether Petitioner was sane at the time of the alleged robbery was of no consequence, since to prevail on an insanity claim as an affirmative defense, a defendant would necessarily have to admit that they committed the crime, which is mutually exclusive with the innocence defense put on by Petitioner.

Petitioner's claim that her counsel was ineffective for failing to present this inconsistent defense fails because if counsel had done so, it would have negated her entire defense in the case. *See, e.g., Hannon v. State*, 941 So. 2d 1109, 1139 (Fla. 2006) (finding no ineffective assistance of counsel for failure to present additional defense when that defense was inconsistent with defendant's primary defense). Thus, either way you analyze it, Petitioner's claim should be denied.

### Claim 3

Next, Petitioner argues that she received ineffective assistance of counsel when trial counsel failed to adopt her *pro se* motion for a downward departure. [ECF No. 1 at 8]. When Petitioner raised this claim in state court, the claim was denied because the court determined that Petitioner "fail[ed] to demonstrate prejudice" as required by *Strickland*, and, in denying the claim, adopted the legal and factual reasoning that was contained in the State's responses to Petitioner's motion. [ECF No. 10-1 at 214-17].

Just as above, even liberally construed, Petitioner does not provide any argument to explain how the state court's decisions denying her claim was contrary to clearly established federal law or an unreasonable determination of the facts. On this basis alone, the claim can be denied. Even looking to the merits *de novo*, the state court held that Petitioner was not prejudiced by her counsel's failure to adopt her motion because the court in fact considered her *pro se* motion for a downward departure and denied it on the merits. Thus, even if it were adopted by her counsel, the state court determined that the motion should not be granted, and Petitioner fails to establish prejudice as a result. Accordingly, this claim should be denied.

## Certificate of Appealability

A habeas petitioner seeking to appeal a district court's final order denying his or her petition for writ of habeas corpus has no absolute entitlement to appeal and must obtain a certificate of appealability to do so. *See* 28 U.S.C. § 2253(c)(1); *see also Harbison v. Bell*, 556 U.S. 180, 183 (2009). The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration of the record, the Court should deny a certificate of appealability because reasonable jurists would not find the assessment of the claims debatable or wrong. Notwithstanding, if Petitioner does not agree, Petitioner may bring this argument to the attention of the District Judge in objections to this Report.

### III. Recommendations

Based on the above, it is **RECOMMENDED** that that the Petition for Writ of Habeas Corpus [ECF No. 1] be **DENIED** on the merits, that no Certificate of Appealability be issued, and that this case be **CLOSED** by the Clerk of Court.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *See* 11th Cir. R. 3-1 (2016); *see also* 28 U.S.C. § 636(b)(1)(C); *Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**SIGNED** this 15th day of January, 2021.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   **All Counsel of Record**; and

     **Natika Griffin**
     L26534
     Homestead Correctional Institution
     Inmate Mail/Parcels
     19000 SW 377th Street
     Florida City, FL 33034
     *PRO SE*